The opinion of the Court was delivered by
Duncan J.
This was an indictment in the Mayor’s Court, for keeping a tippling house, in the city of Philadelphia, removed by certiorari into this Court, and is in these words. (His honour here read the indictment.)
On the trial, a taxable inhabitant was received as a witness, and the point as to. his competency, reserved for the opinion of the Court. The defendant has likewise moved, to arrest the judgment, for the following reasons. The indictment is founded on the act of 25th March, 1817. (Here Judge Duncan referred to the act, and stated the reasons which had been filed.)
The motion in arrest of judgment, will be first disposed of, in doing which, it will be proper to consider the various legislative provisions on this subject. The act of 1710,1 Sm. L. 73, provides, that no person, without license from the justices, shall keep a public house of entertainment, tippling house, or dram shop, under the penalty of five pounds ; one half thereof to the Governor, and the other half to the use of the poor, of the city or township where the offence shall have been committed. By a supplement to this act, passed 26th August, 1721, 1 Sm. L. 127, it is enacted,. that no person, not qualified as by the above recited act, shall presume to sell or barter with, or deliver any wine, rum, See. which *144 shall be used, or drank in their houses, yards or sheds, or shall be so used or drank, in any shelter, place or wood, near or adjacent to them, with their privity or consent, by any companies of negroes, servants, or others, or retail or sell to any person or persons, whatsoever, any rum, brandy, or other spirits, by less quantity or measure than one quart, nor any wine, by any less measure or quantity than one gallon, nor any beer, ale, or cyder, by any less quantity than two gallons, and the same liquors respectively delivered to one person, and at oné time, under the same penalty, as is prescribed by the act of 1710. By the act of 19th March, 1783, 3 Sm. L. 65, it is provided, that if any person or persons, shall hereafter retail and sell, less than one quart of rum, wine, brandy, or other spirits, to be delivered at one time to one person, without having first obtained a license agreeably to law, for that purpose, he or they shall forfeit and pay, for every such offence, the penalty of ten pounds.
The most solid objection to this indictment, is the omission to state, that the liquor was delivered at one time, and to one person, and .1 own, that if this were res integra, it would be difficult to answer. But it will be observed, that the same words are used in the act of 1721, “ and the same liquors, respectively delivered to one person, and at one time.” And in the act of 1783, “shall sell or retail, less than one quart, and to be delivered at one time, and to one person.” The only alteration in the act of 1817, is, that in the city and county of Philadelphia, the offence is to consist of selling less than one pint, instead of one quart, the penalty is increased, and in the distribution of the penalty. Keeping a tippling house is still an offence. Keeping a tippling house in the city and county of Philadelphia, the overt act being the retailing of liquor, by less measure than one pint, is punishable under this statute. This form of indictment having prevailed for eighty years; been adopted by successive attorney generals ; the provisions of the several acts being nearly if not altogether in the same words, the Court will not say, that all the prosecutions during that long period of time are erroneous; for it is admitted, that this has been the only form. A continued and cotemporaneous practice, under a statute, in a matter merely formal, ought not lightly to be disturbed. The Court have less difficulty in deciding the remaining points. The only remedy is by *145 Indictment. The keeping a tippling house is an indictable offence. The general prohibition, under penalty, to sell liquors by less measure than one quart, would, it is admitted, render the act indictable, unless some particular mode of recovering the penalty is prescribed, and the remedy by action, is inferred from the use of the words costs of suit, in the 2d' section. This appears a forced inference, not warranted by a just construction of the whole act; for how in a qui tam action, could the Court sentence the offender, if convicted to pay the penalty or to the penitentiary house, to be Kept at, hard labour ? As to the offence being laid in the city, if it could not be so laid, it would follow, that where the retailing was in the county, it would be exempted from punishment; for though the city might be in the county, the county could not be in the city. The city and county are to be construed disjunctively. Such is the manifest declaration of. the legislature; for in the distribution of the penalty, one half is to enure to the guardians of 'the poor of the township or district where the offence shall occur. Any other construction would render the.act insensible and void; nor is there any such inflexible rule in the construction of penal statutes, that you must abide by the very letter; for in the construction of penal statutes, the strict meaning of the expressions has been departed from, in order to comply with the manifest spirit and intention of the law. 1 Binn. 277. Nor does regard to criminals require such construction of words, perhaps not absolutely clear, as would tend to destroy and evade the very intention and meaning of the act. It is not unfrequent in the construction of statutes, to take the disjunctive as a copulative, and the copulative as .a disjunctive, in order to make the words stand with reason, and the intent of the framers of the law. Plow. 296, 6 Crunch, 7. They are so to be considered here. An act declaring that a particular act, committed in the counties of Philadelphia and Bucks, should be punished in a certain manner, necessarily means in either county, for it could not be committed in both ; it describes a certain district, consisting of two coun-"' ties ; if not so considered, the offence never could be committed ; it could not be committed in both counties.
Having thus disposed of the reasons in arrest of judgment, the Court proceed to consider, whether on an indictment founded on this act, a taxable inhabitant is a competent wit *146 ness. It is not stated, that the witness was actually assessed or rated-. If this had been so stated, another question would have been presented to their consideration, than the one reserved ; one admitting of little difficulty; one on which the Court could entertain no doubt, that such immediate, direct, and certain interest would exclude. It would require legislative provision to make such rated inhabitant a competent witness. Interest in the question never can influence the question of competency. The only inquiry is, Is he interested in the decision ? The interest in the case must be fixed and certain, not dubious and contingent. By the act of 3d April, 1794, all inhabitants are made competent witnesses, respecting the settlements of the poor. 3 Smith’s Laws, 126. And by the act of 2d February, 1808, 4 Smiths Laws, 492, in all actions brought by directors of the poor of the county of Dauphin for the recovery of any gift, grant, fine, forfeiture, &c. every person resident in the county is declared to be competent to hear, try, and give testimony touching the matters in controversy . Whether this would extend to fines on individuals where part of the penalty goes to the directors of the poor, it is not necessary to decide. It seems by the words, to extend only to actions commenced by the directors of the poor; this act, however, is local, and confined to the county of Dauphin. In a case where the exclusion of a witness would deprive the state of all means of conviction, would exclude the only evidence the nature of the case would generally admit of, further than decided cases have gone, I would not be disposed to extend the disqualification. The liability to assessment has not been deemed such an interest as would disqualify; the witness was not rated when he gave the testimony ; he might never be rated; he might cease to be an inhabitant, or become exempt from taxation. It is too remote a possibility ; a contingency altogether so uncertain, that he cannot be said to have an immediate and direct interest in the question, or in the fund arising from the distribution of the penalty. The witness was properly received.
judgment for the Commonwealth.